## STATE v. DAVIS ET AL.

1. EVIDENCE: *Of accomplice in misdemeanors.*

The Statute requiring corroboration of an accomplice's testimony before conviction, applies to misdemeanors as well as felonies, and a party cannot be convicted of gaming upon the uncorroborated testimony of a participant in the game.

APPEAL from *Conway* Circuit Court.
Hon. W. D. JACOWAY, Circuit Judge.

*C. B. Moore*, Attorney-General, for appellant.

*Sec.* 1932, *Gantt's Dig.*, does not apply to misdemeanors. The offense was complete without the assistance of the witness, and the mere fact that he was engaged in the game, would not make him an accomplice. There can be no accessories in misdemeanors, and to apply the strict definition of an accomplice in cases of gaming, would make

every *bystander* who does nothing to prevent or stop the game, a principal. The Statute would thus be nugatory.

### STATEMENT.

ENGLISH, C. J. The indictment in this case was for gaming, and charged that J. P. Davis, Tom. Duncan, and King Duncan, on the tenth day of August, 1881, in the county of Conway, unlawfully did bet one quart of whisky, of the value of one dollar, on a certain game of cards, commonly called seven-up, against the peace, etc. The defendants pleaded not guilty, and the case was submitted to a jury. R. M. Morgan, a witness for the State, testified that on the tenth day of August, 1881, at Springfield, in Conway county, the defendants, J. P. Davis, Tom Duncan and King Duncan, and he, the witness, played a game of cards called seven-up, for one quart of whisky, of the value of one dollar. That all of them, witness and defendants, engaged in the playing and betting. Here the State closed, and defendants introduced no evidence. Thereupon, on motion of defendants, and against the objection of the State, the court read as an instruction to the jury, *Section* 1932 *of Gantt's Digest*, and further instructed the jury: That as the witness, Morgan, was engaged in the playing and betting with defendants at the same game of cards with which defendants were charged, he was an accomplice, and they could not therefore convict the defendants on his uncorroborated testimony," and directed them to return a verdict of not guilty, which they did, and judgment was entered discharging defendants.

The State was refused a new trial, took a bill of exceptions and appealed.

### OPINION.

*Section* 1932, *Gantt's Digest*, provides that: "A con-

State v. Davis et al.

viction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the commission of the offense ; and the corroboration is not sufficient, if it merely shows that the offense was committed, and the circumstances thereof.''

It is submitted by the Attorney-General, that this section applies to felonies only, and not to misdemeanors ; but its expressions are general, and there is nothing in its context to indicate that it was the intention of the Legislature to limit its application to felonies.

At common law, the practice of requiring confirmation of an accomplice, applied to misdemeanors as well as felonies. *Roscoe Cr. Ev.* 156 ; 1 *Phillips Ev.* 112 ; 2 *Russell on Cr.* 967.

*Regina* v. *Farler*, 8 *Car. & Payne*, 106, is cited by ROSCOE, PHILLIPS and RUSSELL, to show that it applied in misdemeanors.

Before the Statute it was matter of practice ; but the Statute makes it absolute law, that the testimony of an accomplice must be corroborated to warrant a conviction, and the law applies to misdemeanors as well as felonies.

Affirmed.